IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv51
[Criminal Case No. 1:07cr78]

| | |
|---|---|
| JEROMINO MORALES LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

**PROCEDURAL HISTORY**

On August 6, 2007, the Petitioner was charged with five counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Criminal Case No. 1:07cr78, Doc. 3]. On December 20, 2007, the Petitioner entered into a Plea Agreement with the Government pursuant to which he agreed to plead guilty to Count Two of the Bill of Indictment in exchange for the Government's agreement to dismiss the

remaining counts. [Id., Doc. 14]. The plea agreement contained an express waiver of the Petitioner's right to file a direct appeal and/or to raise a collateral attack pursuant to 28 U.S.C. §2255 except as to claims of ineffective assistance of counsel and prosecutorial misconduct. [Id.].

The Petitioner attended a Rule 11 hearing on December 27, 2007 before Magistrate Judge Dennis L. Howell. The Magistrate Judge engaged the Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. [Id., Doc. 15]. The Petitioner entered his guilty plea during that hearing. [Id.]. On July 9, 2008, the Petitioner was sentenced to 80 months imprisonment. [Id., Doc. 21].

The Petitioner appealed, arguing that trial counsel rendered ineffective assistance because he did not move for a downward departure based on the Petitioner's status as a alien and because counsel did not present evidence of the consequences that status would have on incarceration. On September 22, 2009, the United States Fourth Circuit Court of Appeals affirmed the conviction and sentence, holding that the Petitioner did not receive ineffective assistance of counsel. United States v. Morales Lopez, 343 Fed. Appx. 950 (4th Cir. 2009). The Circuit ruled:

> We conclude that the record does not conclusively establish counsel's ineffectiveness. Even assuming that it was error for counsel to fail to move for a downward departure or present evidence of the consequences Lopez' alien status would have on

his incarceration, Lopez fails to point to any evidence in the record suggesting that the district court would have sentenced him to a shorter prison term had counsel so advocated, and we find none apparent on this record.

Id.

On February 22, 2010, the Petitioner timely filed this motion in which he asserts again that he received ineffective assistance of counsel.[1]

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255. Pursuant to the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge *must* dismiss the motion[.]" Id. (emphasis provided). The Court has reviewed the Petitioner's motion and the record of his criminal proceedings and enters summary dismissal for the reasons stated herein.

---

[1] When the sentencing judge, Hon. Lacy Thornburg, retired, this case was reassigned to the undersigned.

The Supreme Court has stated the test for determining whether a defendant received adequate assistance of counsel.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. Id. Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result of the prosecution would have been different. Id., at 688.

## DISCUSSION

In this motion, the only claim raised by the Petitioner is that his attorney was ineffective at sentencing because he did not move for a downward departure pursuant to U.S.S.G. §§5H1.6 & 5K2.0. The Petitioner states:

> At the time of Morales' arrest, indictment and sentence, he had his son on his death bed due to a "Cancer" ravaging his body and it was Morales' decision to commit this crime in order to have enough money to help his wife and sick son. Morales states that counsel surely was aware of this fact and Morales asked counsel

4

to bring this fact to the district court prior to the sentencing dates.[2] Counsel could have requested a downward departure in U.S.S.G. Sections 5K2.0 and 5H1.6 but he chose not to.

[Doc. 1, at 13].

The Petitioner has attached to the motion a copy of his son's medical records showing that in mid-2005, his son was diagnosed with testicular cancer of the right testes which was surgically removed. [Doc. 36-2]. He was subsequently treated with chemotherapy. [Id.].

The Court first notes that by the time of sentencing in July 2008, the Petitioner's son appears to have been in stable health and to have had no recurrence of cancer. [Id.]. The Petitioner nonetheless argues that his attorney should have moved for a downward departure on the ground that the Petitioner committed the offense in order to provide income to his wife and child.

U.S.S.G. §5H1.6 provides that "[f]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. In the Fourth Circuit, a downward departure based on family ties and responsibilities is a "discouraged" factor. United States v. Stone, 85 Fed. Appx. 925, 940 (4th Cir. 2004), *certiorari denied sub nom* Yates

---

[2]The record shows that during the sentencing hearing, the attorney did, in fact, advise the Court of the health issues of the Petitioner's son. [Criminal Case No. 1:07cr78, Doc. 31, at 3].

v. United States, 541 U.S. 1074, 124 S.Ct. 2428, 158 L.Ed.2d 984 (2004), *citing* Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

> Where a factor is discouraged, "the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." [The Fourth Circuit] has previously determined that a departure based on family responsibilities is "permitted only upon a finding that the defendant's family ties or responsibilities are extraordinary." "Generally, a sentencing court may depart downward on this basis only if it finds that the defendant is essentially 'irreplaceable.'"

Id. (citations omitted).

In the presentence report, it is disclosed that the Petitioner had a long term relationship with the mother of his son who did "not work outside of the home." [Criminal Case No. 1:07cr78, Doc. 19, at 11]. At the time of the Petitioner's arrest, they were living with the Petitioner's sister and his family continued to reside with her during his incarceration. [Id.]. Upon his release from prison and deportation the Petitioner's family intended to join him in Mexico. [Id.]. Although the Petitioner may have been the primary wage earner, his common law wife was the primary caretaker for the child. Even if the child continued in ill health at the time of sentencing, the mother was available to care for him. In addition, the family had a place to live during the Petitioner's incarceration. Under these circumstances, the Petitioner could

6

not have been found to be "irreplaceable." Elliott v. United States, 332 F.3d 753, 769 (4th Cir. 2003), *certiorari denied* 540 U.S. 991, 124 S.Ct. 487, 157 L.Ed.2d 388 (2003) (reversing downward departure for defendant based on being primary caregiver for husband suffering from cancer); United States v. McClatchey, 316 F.3d 1122, 1133 (10th Cir. 2003) (reversing downward departure for defendant based on being primary caregiver for his son because nothing in record "suggest[ed] that another individual could not provide the necessary assistance in [defendant's] absence"); United States v. Sweeting, 213 F.3d 95, 104 (3rd Cir. 2000), *certiorari denied* 531 U.S. 906, 121 S.Ct. 249, 148 L.Ed.2d 180 (2000) (reversing downward departure based on defendant's responsibilities for child with Tourette's Syndrome); United States v. Bell, 974 F.2d 537, 538 (4th Cir. 1992) (even the possible destruction of a family caused by the extended incarceration of the family's sole earner was not extraordinary); United States v. Rybicki, 96 F.3d 754, 759 (4th Cir. 1996) (illness of family members, by itself, not extraordinary).

Thus, to the extent that Petitioner's counsel could be considered deficient for failing to move for a downward departure based on family ties and responsibilities, the Petitioner cannot establish any prejudice because Fourth Circuit case law clearly establishes that any such departure would have been unavailable and erroneous.

7

In the motion, the Petitioner has cited U.S.S.G. §5K2.0 as a ground for downward departure which his attorney should have sought. However, neither the motion nor the memorandum of law in support thereof contain any discussion of that guideline and how it would provide relief to the Petitioner. The Court therefore finds that the Petitioner has not met his burden to show in what manner counsel was ineffective. Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992), *certiorari denied* 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d 176 (1992).

The Court has considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DENIED**.

Signed: December 14, 2010

Martin Reidinger
United States District Judge